UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD CHARLES NICHOLS,        Case No. 22-11971
     Plaintiff,
      v.                    Robert H. Cleland
                           United States District Judge

UNITED STATES OF AMERICA,
     Defendant.          Curtis Ivy, Jr.
_____/   United States Magistrate Judge

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO
DISMISS (ECF No. 20)**

## I.  PROCEDURAL HISTORY

Plaintiff Donald Nichols filed this case on August 23, 2022, alleging medical malpractice by Ann Arbor VA Medical Center personnel.  (ECF No. 1).  He is proceeding without the assistance of counsel.  The United States of America was later substituted for Defendant Ann Arbor VA Medical Center.  (ECF Nos. 16, 17). On December 28, 2022, the United States moved to dismiss the complaint.  (ECF No. 20).  The motion is fully briefed and ready for report and recommendation.

For the reasons discussed below, the undersigned recommends that Defendant's motion to dismiss be **GRANTED**.

## II.  COMPLAINT ALLEGATIONS

Plaintiff states that he had three eye surgeries to improve his cataracts at the VA Medical Center in Ann Arbor.  The first surgery was successful on his right eye.  X-rays revealed something present in his left eye, so he had a second surgery. After that, he developed scar tissue which necessitated a third surgery on the left eye.  The third surgery did not improve his vision in that eye.  (ECF No. 1, PageID.8).

Included with the complaint is a January 23, 2022, letter from the U.S. Department of Veterans Affairs informing Plaintiff of the denial of reconsideration of a Federal Tort Claims Act ("FTCA") claim.  The letter informed him that if he was dissatisfied with the Department's decision, he could file suit directly under the FTCA within six months of the date of the letter.  (*Id.* at PageID.7).  Also attached are medical records from the Medical Center.  (*Id.* at PageID.9-30).

The United States provided a declaration from the Deputy Chief Counsel for the Department of Veterans Affairs that provides more detail related to Plaintiff's allegations.[1]  (ECF No. 20-1).  Plaintiff filed an administrative tort claim on March

---

[1] Generally, a court cannot consider matters outside the complaint when ruling on a motion to dismiss under Rule 12(b)(6).  *Clark v. Walt Disney Co*., 642 F. Supp. 2d 775, 781 (S.D. Ohio 2009).  That said, the court may consider documents that a defendant attaches to a motion to dismiss if the documents are referred to in the complaint and are central to the plaintiff's claims.  *Weiner v. Klais & Co., Inc*., 108 F.3d 86, 89 (6th Cir. 1997).  And  the court may consider public records and matters of which a court may take judicial notice.  *See Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999), abrogated on other grounds, *Swierkiewicz v. Sorema*, 534 U.S. 506 (2002).  The Court can consider Defendant's affidavit which discusses Plaintiff's administrative claim under the FTCA, an issue central to this case and referred to in the complaint.

17, 2021, alleging that the VA negligently performed cataract surgery on his left eye.  (*Id.* at PageID.89, ¶ 5).  The claim was denied, and Plaintiff sought reconsideration on September 9, 2021.  (*Id.* at ¶¶ 6-7).  Reconsideration was denied on January 21, 2022, as explained in the letter attached to the complaint.  (*Id.* at ¶ 8).

## III.    ANALYSIS AND RECOMMENDATIONS

### A.    Standard of Review

Defendant moves to dismiss brought pursuant to Rule 12(b)(6).  When deciding a motion to dismiss under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action").  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "The plausibility of an inference depends on a host of

3

considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

The Court also holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Yet even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). "[C]ourts may not rewrite a complaint to include claims that were never presented ... nor may courts construct the Plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dept.*, 595 F.Supp. 2d 757, 766 (E.D. Mich. 2009); *see also, Evans v. Mercedes Benz Fin. Servs., LLC*, No. 11-11450, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) (Cohn, J.) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

B.   Discussion

The United States' first argument is that the complaint should be dismissed because Plaintiff failed to comply with the FTCA's six-month statute of limitations by filing this claim more than six months after his administrative claim was denied.

4

There are two time limitations that must be met to bring a successful FTCA claim. Plaintiff must present an administrative claim to the appropriate federal agency within two years after the claim accrues, which he did. *Zappone v. United States*, 870 F.3d 551, 555 (6th Cir. 2017). Next, he must file the FTCA claim "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." *Id.* (quoting 28 U.S.C. § 2401(b)). If he failed to meet either of these time constraints, his claim against the United States is barred. *Id.*

Plaintiff did not file this claim within the six-month period from the final denial of his administrative claim. As the denial letter explained to Plaintiff, under the FTCA, the six-month period beings from the date of mailing—the date of the letter. *Jackson v. United States*, 751 F.3d 712, 717 (6th Cir. 2014). The FTCA does not even require that the claimant receive the denial letter to start the six-month limitation period. *Id.* The VA's denial letter addressed to Plaintiff is dated January 31, 2022. Plaintiff filed this action on August 23, 2022, well more than six months later. Thus, the United States' motion should be granted.

In some circumstances, the Court may toll the statute of limitations "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks and citation omitted). "While

'equitable tolling may be applied in suits against the government, courts will only do so sparingly, and not when there has only been a garden variety claim of excusable neglect.'" *Jackson*, 751 F.3d at 718 (quoting *Chomic v. United States*, 377 F.3d 607, 615 (6th Cir. 2004) (internal quotation marks and citation omitted)). Assuming equitable tolling is perhaps available here,[2] to apply, the Court considers five factors: (1) the plaintiff's lack of notice of the filing requirement; (2) the plaintiff's lack of constructive knowledge of the filing requirement; (3) the plaintiff's diligence in pursuing her rights; (4) an absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement. *Id.* at 719.

In his response brief, Plaintiff asserts that he "filed in a timely manner."  He states that his vision has gotten worse since the surgery.  (ECF No. 21, PageID.99). There are no other assertions applicable to equitable tolling.  He does not allege lack of notice of the filing requirement and it does not appear he was ignorant of a legal requirement.  The undersigned is sympathetic and acknowledges Plaintiff's eyesight issues.  The undersigned further understands that the issues could cause difficulty in daily living, but there is no explanation why the eyesight issues, which presumably existed throughout the administrative claim, caused him to file this

---

[2] There is some question about whether equitable tolling applies to FTCA's limitations period. *See Jackson*, 751 F.3d at 719.

case more than six-months after the denial letter.  In other words, as the United States asserts, Plaintiff has not set forth any compelling circumstance that prevented him from timely filing suit within six months of the VA's denial of the administrative claim.

Given the finding that Plaintiff's claim is procedurally defaulted, the undersigned will not address the government's alternative argument that Plaintiff failed to state a plausible medical malpractice claim.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss (ECF No. 20) be **GRANTED**, and that this case be **DISMISSED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  February 9, 2023.       s/Curtis Ivy, Jr.
                                                   Curtis Ivy, Jr.
                                                   United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on February 9, 2023.

s/Kristen MacKay
Case Manager
(810) 341-7850